UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | No. 3:09-CR-127 (VARLAN/GUYTON) |
| CARL BUNCH, JR., Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion for Notice by the Government Pursuant to Rule 12(b)(4)(B) of Its Intention to Use Evidence Arguably Subject to Suppression [Doc. 14] filed on November 5, 2009. The Government opposes the motion. [Doc. 19]. At a scheduled pretrial conference on December 1, 2009, both parties stated that they waived a hearing on the Defendant's motion and that they wished the motion addressed by the undersigned based solely upon their briefing.

The Defendant moves the Court for an order requiring the Government to specifically identify from among the discovery that will be produced in this case all evidence that it intends to use in its case-in-chief at trial that would arguably be subject to suppression. The Government responds that Rule 12, Fed. R. Crim. P., simply does not entitle the Defendant to receive a list of all of the pieces of evidence that he is entitled to discover that will be used by the Government in its case-in-chief. Additionally, the Government argues that the Defendant is fully aware of the

evidence in this case that may arguably be subject to suppression because that evidence consists solely of what was seized pursuant to the execution of search warrants and statements made by the Defendant himself to law enforcement agents.

Rule 12(b)(4)(B) (formerly, Rule 12(d)) of the Federal Rules of Criminal Procedure requires the Government, upon request of a defendant, to give notice to the defendant of its intent to use certain evidence at trial. The rule is limited in scope. By its own terms, it covers only evidence that the defendant would be entitled to discover under Rule 16, Fed. R. Crim. P. It also explicitly limits required disclosure to only evidence that the Government intends to use in its case-in-chief. Most importantly, Rule 12(b)(4)(B) "contemplates motions [seeking notice from the Government] filed in preparation for actual or potential motions to suppress evidence." United States v. Lanier, 578 F.2d 1246, 1254 (8th Cir.), cert. denied, 439 U.S. 856 (1978). In other words, the defendant must decide for himself whether a particular piece of discoverable evidence is "arguably subject to suppression," [Doc. 14 at 3], and then he may request notice from the Government regarding whether it intends to use that evidence in its case-in-chief-at trial. Once requested, the Government is required under Rule 12(b)(4)(B) to give such notice.

Rule 12(b)(4)(B) is not designed or intended to be used to obtain more specific discovery than that provided by Rule 16. See id. It is also "not designed to aid the defendant in ascertaining the Government's trial strategy." United States v. Cruz-Paulino, 61 F.3d 986, 994 (1st Cir. 1995). Instead, Rule 12(b)(4)(B) is intended to facilitate efficient suppression motion practice by allowing the defendant to avoid filing a motion to suppress when the Government does not intend to use the evidence at issue. Thus, to the extent that the defendant *objects* to certain evidence, and/or plans to file a motion to suppress that evidence, the Government, in response to a Rule 12(b)(4)(B)

request, must give notice of whether it intends to use that evidence in its case-in-chief.[1]

In this case, the Defendant has not specified any discoverable evidence that he believes to be "arguably subject to suppression." Rule 12 does not require the Government to disclose a list of all of the evidence that it plans to use in its case-in-chief nor does it require the Government to undertake its own assessment of whether any of that evidence might be "arguably subject to suppression." Because the Defendant has not sought notice of the Government's intent to use any specific discoverable evidence at trial, his request is over-broad and inappropriate. Accordingly, the Defendant's Motion for Notice of Evidence Arguably Subject to Suppression Under Rule 12(b)(4)(B) **[Doc. 14]** is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge

[1]The Court notes that the Government is not required to wait for a defendant's request before notifying him of evidence that it intends to use in its case-in-chief. See Fed. R. Crim. P. 12(b)(4)(A). In cases involving evidence that is likely to implicate a suppression issue (e.g., evidence obtained during searches, confessions, the defendant's statements, the defendant's criminal record, expert evidence, intercepted communications, etc.), the Government is encouraged to take the initiative to disclose its intent to use such evidence in its case-in-chief pursuant to 12(b)(4)(A) before a 12(b)(4)(B) request is made.