UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-127 |
| | ) | (VARLAN/GUYTON) |
| CARL BUNCH, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion to Dismiss Indictment [Doc. 15], filed on November 5, 2009. The parties appeared before the undersigned for a hearing on the Defendant's motion on December 9, 2009. Assistant United States Attorney Tracy Stone was present representing the Government. Attorney Ursula Bailey was present representing the Defendant, who was also present.

In his motion, the Defendant seeks an order dismissing the Indictment [Doc. 9] in this case that charges him with one count of violating 18 U.S.C. § 922(g)(9) by knowingly possessing, in and affecting commerce, firearms and ammunition after "having been previously convicted in a court of a misdemeanor crime of domestic violence, that is domestic assault, in Case Number 98 7640 N, General Sessions Court for Knox County, Tennessee, dated June 23, 1998." The Defendant contends that the Indictment should be dismissed because the Government cannot, as a matter of

1

law, prove at trial its allegation that he was previously convicted on June 23, 1998, of "a misdemeanor crime of domestic violence" as defined in 18 U.S.C. § 921(a)(33)(A). The Defendant argues that even if the Government can prove that he was previously convicted of some Tennessee assault offense on June 23, 1998, that conviction cannot serve as the predicate conviction required for an 18 U.S.C. § 922(g)(9) prosecution because the offense of conviction, some form of assault under Tennessee law, does not meet the 18 U.S.C. § 921(a)(33)(A) definition of "a misdemeanor crime of domestic violence." [Doc. 16 at 3]. Accordingly, the Defendant argues that the Government cannot, as a matter of law, prove a required element of a violation of 18 U.S.C. § 922(g)(9), and that the Indictment therefore should be dismissed. Alternatively, the Defendant argues that his conduct as alleged in the Indictment–knowingly possessing firearms and ammunition after having been convicted on June 23, 1998 of some Tennessee assault offense–cannot reasonably be construed to be a violation of 18 U.S.C. § 922(g)(9). The Defendant therefore concludes that the Indictment should be dismissed as insufficient in that it fails to state an offense.

The Government responds that the Indictment should not be dismissed because it is valid on its face, and it sufficiently serves to put the Defendant on notice as to the charge against which he must be prepared to meet at trial. [Doc. 17 at 9-10]. The Government argues that the Indictment cannot be dismissed based solely on the Defendant's belief that the Government cannot prove the elements of the charged offense. The Government concludes that it should be given the opportunity to prove to the factfinder at trial that the Defendant was in fact previously convicted of "a misdemeanor crime of domestic violence."

At the December 9 hearing, the Defendant raised a second contention in support of his motion to dismiss. The Defendant argued that the Government intends to rely at trial on a judgment of conviction [Exhibit 1] for "assault dv" in the General Sessions Court for Knox County, Tennessee, to prove the fact of his predicate conviction for a "misdemeanor crime of domestic violence" on June 23, 1998. The Defendant argued that because the judgment of conviction is not properly dated, it is invalid on its face for the purpose of proving the fact of a conviction. Because the Defendant raised this argument for the first time at the December 9 hearing, the Government did not have a full opportunity to respond. Accordingly, at the conclusion of the hearing, the Government requested, and was granted, until January 15, 2010, to file a supplemental memorandum. The Government filed a response [Doc. 24] to the Defendant's second argument on January 15, 2010.

In its response, the Government argues that Exhibit 1 is *not* facially invalid for the purpose of proving the fact of the Defendant's predicate conviction under the Federal Rules of Evidence. The Government further argues that Exhibit 1 *is* sufficient to prove that the Defendant was convicted of the Tennessee state crime of "assault dv" on June 23, 1998. [Doc. 24 at 1, 8]. The Government also argues that even if Exhibit 1 is, by itself, insufficient to prove the fact of the Defendant's conviction, it must be afforded the opportunity to prove the fact of conviction by other means at trial. [Doc. 24 at 8]. The Government states that "[a]lthough Defendant Bunch's judgment for his [assault] conviction clearly has a date on it, there is no reason to believe that the only way to prove the date of Defendant Bunch's misdemeanor [assault] conviction beyond a reasonable doubt is

3

through the judgment."[1] [Doc. 24 at 8]. The Government concludes that the Indictment should not be dismissed in this case simply because it has not proffered more evidence to prove the fact of the Defendant's prior conviction at this juncture, *before* trial.

I.      **The standard for dismissing an indictment**

The Government correctly points out that the general rule is that an indictment "returned by a legally constituted and unbiased grand jury" that is "valid on its face," Costello v. United States, 350 U.S. 359, 363 (1959), is sufficient to justify procession to trial as long as it (1) "sufficiently apprises the defendant of what he must be prepared to meet," United States v. Debrow, 346 U.S. 374, 376 (1953); and (2) is sufficiently specific to protect the defendant against double jeopardy in a subsequent proceeding. See, e.g., United States v. Blanford, 33 F.3d 685, 705 (6th Cir. 1994); United States v. Phibbs, 999 F.2d 1053, 1086 (6th Cir. 1993). However, an indictment may be dismissed as insufficient if it fails to state an offense. See United States v. Gatewood, 173 F.3d 983,

---

[1] The Government points out that at the trial of 18 U.S.C. § 922(g)(1) prosecutions–which are similar to the 18 U.S.C. § 922(g)(9) prosecution in this case in that they require proof of a prior conviction–it "regularly introduces the judgment of felony conviction to prove the defendant's felon status, but that is not the only evidence it introduces." [Doc. 24 at 8]. The Government explains as follows:

> "While adhering to the Federal Rules of Evidence, including Rule 403, the United States also introduces fingerprint experts or the person's assigned probation officer to prove [that] the defendant is the same person as the one who was convicted of the prior felony offense. Likewise, the United States can use other documents and testimony to prove that [the assault] conviction [in this case] occurred before the possession of the firearm [by the Defendant]." [Doc. 24 at 8].

Indeed, in this case, the Government has already filed two additional exhibits [Exhibits 1 and 2] for the purpose of proving the fact of the Defendant's conviction on June 23, 1998.

4

986 (6th Cir. 1999) ("a defendant who contends that the indictment fails to establish jurisdiction or to charge an offense may raise that challenge at any time") (citing United States v. Hart, 640 F.2d 856, 857 (6th Cir. 1981)); see also Fed. R. Crim. P. 12(b)(3)(B). In other words, if an indictment alleges conduct by a defendant that cannot within reason be construed to be a crime, the Court may dismiss the indictment as insufficient. See United States v. Teh, 535 F.3d 511, 515 (6th Cir. 2008) ("Claims that a statute named in an indictment does not proscribe the alleged conduct are generally treated as claims that the indictment 'fails to state an offense.'") (citing United States v. Adesida, 129 F.3d 846, 850 (6th Cir. 1997); United States v. Foley, 73 F.3d 484, 488 (2d Cir. 1996); United States v. Meacham, 626 F.2d 503, 509 (5th Cir. 1980)).

Further, the Court may dismiss an indictment on the motion of a defendant if it concludes based on its preliminary findings of fact that the Government cannot, as a matter of law, prove a required element of the charged crime. See United States v. Levin, 973 F.2d 463, 470 (6th Cir. 1992) (affirming the district court's conclusion that "a Federal Rule of Criminal Procedure 12(b) pretrial motion to dismiss the indictment was well-taken because the government was, as a matter of law, incapable of proving beyond a reasonable doubt the intent required to convict" the defendants of violating 42 U.S.C. § 1395nn(b)(1)(B)). In order to determine whether the Government cannot, as a matter of law, prove a required element of a crime charged in an indictment, the Court may hold factual hearings prior to trial if necessary to resolve issues of fact peculiar to the motion to dismiss. Id. at 467 ("district courts may make preliminary findings of fact necessary to decide questions of law presented by pretrial motions [in criminal cases] so long as the trial court's conclusions do not invade the province of the ultimate finder of fact"); United States v. Jones, 542 F.2d 661, 664-65 (6th Cir. 1976) ("Rules 12(e) and (g) clearly envision that a district

court may make preliminary findings of fact necessary to decide questions of law presented by pre-trial motions so long as the court's findings on the motion do not invade the province of the ultimate finder of fact."); United States v. Covington, 395 U.S. 57, 60 (1969) (a district court is permitted in its discretion to hold "factual hearings prior to trial if necessary to resolve issues of fact peculiar to [a pre-trial] motion").

II.     **Sufficiency of the evidence of the fact of the Defendant's prior conviction**

The Court turns first to the Defendant's contention, raised at the December 9, 2009, hearing, that the Indictment must be dismissed because the Government intends to rely on an unsigned judgment of conviction [Exhibit 1] to establish the fact that the Defendant was convicted under Tennessee law of some form of misdemeanor assault on June 23, 1998. The Defendant's contention can be construed in two ways.[2] First, it can be taken as an argument that the Indictment should be dismissed because it is supported by insufficient or inadequate evidence. Essentially, the Defendant argues that there is not probable cause to believe that the Government will prove at trial that he was convicted on June 23, 1998, of some form of misdemeanor assault. Second, the Defendant's contention can be taken as an argument that the Indictment should be dismissed because the Government cannot, as a matter of law, prove that he was convicted on June 23, 1998, of some form

---

[2] The Government construes the Defendant's contention in a third way, by interpreting it as a collateral attack on the *validity* of the state conviction. [Doc. 24]. The Government is correct that a collateral attack on the validity of a state court conviction as part of a defense to an 18 U.S.C. § 922(g)(9) prosecution would be irrelevant and untimely. However, the Defendant is not arguing that the Indictment in this case should be dismissed because it is predicated on a state court conviction that is invalid. See [Doc. 16 at 2] ("the Defendant, for the purposes [of his motion to dismiss], is not attacking the predicate offense"). Instead, the Defendant is arguing that the judgment of conviction form [Exhibit 1] is invalid *for the purpose of proving the fact of the conviction*. The Court interprets this as a purely evidentiary argument, not a collateral attack.

6

of misdemeanor assault. Construed either way, the Court finds that the Defendant's contention should fail.

The Defendant asserts that the Government intends to rely on a judgment of conviction [Exhibit 1] for "assault dv" in the General Sessions Court of Knox County, Tennessee, resulting from an incident on May 4, 1998, to prove the fact of his predicate conviction. The Defendant contends that the judgment of conviction is not properly dated because the spaces on the judgment form where the court is meant to enter the date of conviction were left blank. The Defendant argues that because the judgement form is not properly dated, it is invalid on its face for the purpose of proving the fact of a conviction. The Defendant therefore argues that the Government cannot rely upon Exhibit 1 to prove its allegation that he was convicted of some form of assault on June 23, 1998. The Defendant concludes that, without relying on the judgment form, the Government cannot prove the fact of the Defendant's conviction beyond a reasonable doubt. Because a predicate conviction is an element of a violation of 18 U.S.C. § 922(g)(9), the Defendant argues that the Indictment should be dismissed.

The Government responds that it is under no obligation to prove the fact of the Defendant's predicate conviction now, *before* trial. The Government argues that the Indictment should not be dismissed simply because the Defendant does not believe that it will be able to prove the fact of his conviction. The Government asserts that it is not bound to rely solely on the judgment of conviction [Exhibit 1] to prove the fact of the Defendant's conviction, and that there are several other means by which it may prove the fact of the conviction at trial.

Further, the Government argues that the judgment of conviction [Exhibit 1] *is* valid for the purpose of proving the fact of the Defendant's conviction. The Government represents that,

7

although the spaces on the judgment form meant for the date were left blank, the Judge, the Honorable Brenda Waggoner, dated the form herself beneath her signature. The Government represents that it contacted Judge Waggoner, and that "[s]he is certain that the date she wrote on the judgment [June 23, 1998] is the date of judgment." [Doc. 24 at 8]. The Government states that Judge Waggoner "can provide details to the Court," [Doc. 24 at 8], to establish this fact, presumably through affidavit or testimony introduced at trial.

   A. *The Defendant's contention as an argument of insufficient or inadequate evidence*

   Taken as an argument that there is not probable cause to believe that the Government will prove at trial that the Defendant was convicted on June 23, 1998, of some form of misdemeanor assault, the Defendant's contention fails. It is well settled that during pretrial proceedings, a defendant cannot properly challenge an indictment on the ground that it is not supported by adequate evidence. See, e.g., United States v. Short, 671 F.2d 178 (6th Cir.), cert. denied, 457 U.S. 1119 (1982); United States v. Calandra, 414 U.S. 338, 345 (1974). The Government must prove the fact of the Defendant's June 23, 1998, conviction *at* trial, not before trial. The Government is not now required to proffer the evidence it intends to use at trial to prove the fact of conviction. Accordingly, the Indictment should not be dismissed because it is supported by insufficient evidence of the fact of the Defendant's prior conviction.

   B. *The Defendant's contention as an argument of inability, as a matter of law, to prove a fact required for conviction*

   Taken as an argument that the Indictment should be dismissed because the Government cannot prove, as a matter of law, that the Defendant was convicted on June 23, 1998, of some form of misdemeanor assault, the Defendant's contention also fails. Whether an 18 U.S.C. § 922(g)(9) defendant has been previously convicted is a question of fact that should be resolved at trial, not a

question of law that may be resolved before trial. Further, the Government is not required to proffer *all* of its evidence tending to establish the fact of the Defendant's conviction *before* trial, and the Court therefore cannot find that the Government has done so. The Government is free to proffer additional evidence to prove the fact of a conviction at trial. Accordingly, the Defendant's request that the Court rule that the Government cannot, as a matter of law, prove the fact of the Defendant's conviction is premature. The Defendant may make such a request again at the conclusion of the Government's case at trial.

### III.     The statutory definition of a "misdemeanor crime of domestic violence"

The Court turns next to the Defendant's more substantive contention. As an initial matter, the Court notes that the Government has not specified the Tennessee statute under which the Defendant was allegedly convicted on June 23, 1998, of an assault offense that meets the 18 U.S.C. § 921(a)(33)(A) definition of a "misdemeanor crime of domestic violence." In the Indictment [Doc. 9], the Government alleges that the Defendant was convicted of "domestic assault in Case Number 98 7640 N, General Sessions Court for Knox County, Tennessee, dated June 23, 1998." In its initial response [Doc. 17] to the Defendant's motion to dismiss, the Government more specifically alleges that the Defendant was convicted of violating TENN. CODE ANN. § 39-13-111. [Doc. 17 at 5]. This statute was enacted on May 24, 2000, as a new edition to the Tennessee code, and it became effective on July 1, 2000. TENN. CODE ANN. § 39-13-111 (2010); 2000 Tenn. Pub. Acts 824. The Court finds that, given the date of conviction alleged in the Indictment, June 23, 1998, it was impossible for the Defendant to have been convicted of violating TENN. CODE ANN. § 39-13-111. Accordingly, the Government has not apprised the Defendant or the Court of the section of the

9

Tennessee code under which it alleges the Defendant was convicted on June 23, 1998.

As a practical matter, the specific section and subsection of the Tennessee code under which the alleged June 23, 1998, conviction was obtained is inapposite to the Court's disposition of the motion to dismiss. Because the Government has unequivocally alleged that the Defendant was convicted of some form of misdemeanor assault–regardless of the specific statute of conviction–on June 23, 1998, whether that conviction in fact qualifies as a conviction for a "misdemeanor crime of domestic violence" as defined in 18 U.S.C. § 921(a)(33)(A) depends on the relationship between the Defendant and the victim of the assault at the time of the assault.[3]

"A misdemeanor crime of domestic violence" is defined in 18 U.S.C. § 921(a)(33)(A) as an offense that:

> (i) is a misdemeanor under Federal, State, or Tribal law; and
>
> (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

The Supreme Court recently clarified this statutory definition of "a misdemeanor crime of domestic violence" in United States v. Hayes, 129 S. Ct. 1079, 1087 (February 24, 2009). In Hayes, the Court

---

[3] It is undisputed that misdemeanor assault under Tennessee law–in whatever form, including simple assault under TENN. CODE ANN. § 39-13-111–generally satisfies the first two parts of the 18 U.S.C. § 921(a)(33)(A) definition of a "misdemeanor crime of domestic violence" because (1) it is a misdemeanor, and (2) it has, as an element, the use of force. The Court notes that a Tennessee assault involving *only* the intentional or knowing causation of a reasonable fear of imminent bodily injury, see TENN. CODE ANN. § 39-13-111(a)(2) (2010), may not satisfy even the first two parts of the 18 U.S.C. § 921(a)(33)(A) definition. In this case, however, the Government unequivocally alleges an assault offense involving the use of force.

10

held that, "most sensibly read," § 921(a)(33)(A) defines "misdemeanor crime of domestic violence" as follows:

> "a misdemeanor offense that (1) 'has, as an element, the use [of force],' and (2) is committed by a person who has a specified relationship with the victim."
>
> Id.

Thus, "to obtain a conviction in a § 922(g)(9) prosecution, the Government must prove beyond a reasonable doubt that the victim of the predicate offense was the defendant's current or former spouse or was related to the defendant in another specified way. But that relationship, while it must be established, need not be denominated an element of the predicate offense." Id. The Supreme Court noted that it "seems most natural to read § 921(a)(33)(A) to convey that a person convicted of battering a spouse or other domestic victim has committed a 'crime of domestic violence,' whether or not the statute of conviction happens to contain a domestic-relationship element." Id. at 1087 n.7.

Because the Supreme Court has already undertaken the difficult exercise of statutory interpretation and articulated a clear definition of a "misdemeanor crime of domestic violence" for the purposes of 18 U.S.C. § 922(g)(9), the Government's burden in this case is straightforward. In order to convict the Defendant of the charge set forth in the Indictment, the Government must prove beyond a reasonable doubt the following facts about the Defendant's predicate conviction: (1) the Defendant was convicted on June 23, 1998, of a misdemeanor assault offense; and (2) the Defendant had, at the time of the offense, one of four types of relationships specified in 18 U.S.C. § 921(a)(33)(A)(ii) with the victim of the offense.

11

**IV.   The existence of a specified relationship between the Defendant and the victim of the predicate offense**

The Defendant contends that even if the Government is able to prove at trial that he was convicted of some Tennessee misdemeanor assault offense on June 23, 1998, it will not be able to prove that he had, at the time of the offense, one of the four types of relationships specified in 18 U.S.C. § 921(a)(33)(A)(ii) with the victim of the offense.  Thus, the Defendant argues that even if the Government proves the fact of a prior misdemeanor assault conviction, that conviction cannot serve as the predicate conviction required for an 18 U.S.C. § 922(g)(9) prosecution because it was not a conviction for a "misdemeanor crime of domestic violence" as defined in 18 U.S.C. § 921(a)(33)(A) and interpreted in Hayes.

The Defendant asserts that the victim of the alleged Tennessee assault offense at issue in this case was, at the time the offense was allegedly committed, his ex-girlfriend.  The Defendant argues that the relationship between a man and his ex-girlfriend is clearly not within the scope of any of the four types of relationships specified in 18 U.S.C. § 921(a)(33)(A)(ii).  The Defendant therefore argues that, as a matter of law, the Government cannot prove a required element of a violation of 18 U.S.C. § 922(g)(9), the offense with which he is charged in the Indictment.  Accordingly, the Defendant argues that the Indictment should be dismissed.[4]

The Government responds that it should be given the opportunity to prove at trial that the Defendant in fact *did* have one of the four types of relationships specified in 18 U.S.C. §

---

[4] Alternatively, as discussed *supra* on p. 2, the Defendant's argument can be framed as an argument that the Indictment is insufficient because it fails to state an offense.  If the assault offense of which the Defendant was convicted on June 23, 1998, was not a "misdemeanor crime of domestic violence," then the conduct alleged in the Indictment–knowingly possessing firearms and ammunition at some time after that conviction–cannot reasonably be construed to be a violation of 18 U.S.C. § 922(g)(9).

12

921(a)(33)(A)(ii) with the victim of the alleged Tennessee assault offense at the time it was committed. The Government asserts that it will prove at trial that the Defendant was "a person similarly situated to a spouse" of the victim of the assault. See 18 U.S.C. § 921(a)(33)(A)(ii). The Government alleges that the Defendant was spending the night, engaging in sexual relations, jointly recreating and socializing, and jointly performing household duties with the victim of the assault for a period of one year leading up to the date of the assault. The Government argues that proof of these allegations at trial would establish that the Defendant was "a person similarly situated to a spouse" of the victim of the alleged assault offense at the time it was committed.

The Court finds that the question of whether the alleged assault offense at issue was a "misdemeanor crime of domestic violence" is a question of law. However, this legal question can only be answered by the Court based upon resolution of a sub-question–that is, whether the Defendant was "a person similarly situated to a spouse" of the victim of the assault offense at the time it was committed. This sub-question is a mixed question of law and fact. It is a question of law because the phrase "a person similarly situated to a spouse" in 18 U.S.C. § 921(a)(33)(A)(ii) has been neither statutorily defined, nor judicially interpreted by the Supreme Court or the Court of Appeals for the Sixth Circuit. Accordingly, the Court must review other persuasive authorities to determine the proper test for whether a relationship is similar to a spousal relationship for the purpose of 18 U.S.C. § 921(a)(33)(A)(ii). The question is one of fact because once the Court has determined the test for similarity to a spousal relationship, the jury must make factual findings about the relationship that existed between the Defendant and the victim of the alleged assault. The Court will properly instruct the jury as to what it must find about that relationship in order to decide whether the Government has proved that the Defendant was "a person similarly situated to a spouse"

of the victim.

Based on the foregoing, the Court finds that the questions presented by the Defendant's motion to dismiss are properly questions for the District Judge and the jury at trial. Accordingly, the Court concludes that the Indictment is not subject to dismissal on the motion, and hereby **RECOMMENDS**[5] that the motion **[Doc. 15]** be **DENIED**.

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[5] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).