UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:09-CR-127 |
| | ) | (VARLAN/GUYTON) |
| CARL BUNCH, JR., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Carl Bunch, Jr. is charged in a single-count indictment [Doc. 9] with being a misdemeanant in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(9). Defendant has filed a motion to dismiss the indictment [Doc. 15], in which he contends that the government cannot prove the elements of § 922(g)(9) as a matter of law, and that the indictment must therefore be dismissed. The government has filed a response to the motion to dismiss [Doc. 17], in which it contends that (1) defendant's domestic assault conviction, which forms the basis of the crime charged in the indictment, is valid on its face, and is therefore not subject to collateral attack in this federal prosecution; and, alternatively, that (2) if the type of domestic relationship to which § 922(g)(9) refers must be proved in this case, it is a mixed question of law and fact which must be decided by the jury at trial.

Magistrate Judge H. Bruce Guyton held a hearing on the motion to dismiss on December 1, 2009 [Doc. 20]. On January 25, 2010, the magistrate judge filed a Report and

Recommendation (the "R&R") [Doc. 25], in which he recommended that the motion to dismiss be denied. Defendant filed objections to the R&R [Doc. 26] on February 3, 2010.

This matter is before the Court on defendant's objections. The Court undertakes a de novo review of those portions of the R&R to which defendant objects. Fed. R. Crim. P. 59(b)(3).

**I.     Analysis**

Defendant raises two objections to the R&R. He argues that:

(1)    The government cannot prove, nor has it ever alleged, that defendant and the affiant on the warrant charging defendant with domestic assault were ever in a domestic relationship as defined by the statute; and

(2)    The warrant charging defendant with domestic assault is void on its face.

[Doc. 26]. The Court considers these arguments in reverse order below.

**A.     Whether the Warrant Charging Defendant with Domestic Assault is Void on its Face**

Defendant contends that the warrant charging defendant with domestic assault–the predicate conviction upon which the indictment is based–is void on its face [*Id.*]. Specifically, defendant contends that the domestic assault conviction is void because (1) the state court judgment is not dated; because (2) the government's representations that the judge who signed the judgment confirmed the date of that judgment cannot serve to validate the judgment; and because (3) the additional documents the government provided to authenticate the judgment also cannot serve to validate the judgment [*Id.*].

The magistrate judge properly considered and rejected this argument. Well-settled Sixth Circuit precedent holds that the government is not required to proffer before trial the evidence it intends to use at trial to prove the fact of conviction. *See United States v. Short*, 671 F.2d 178, 183 (6th Cir. 1982) ("[T]he prosecution's evidence is tested at trial, not in a preliminary proceeding."); *see also Universal Milk Bottle Serv. v. United States*, 188 F.2d 959, 962 (6th Cir. 1951) (question of whether the allegations contained in the indictment are true is one of fact for the jury). Defendant's pretrial attacks on the sufficiency of proof with respect to the alleged domestic assault conviction in this case are premature and inapposite.

The Court now considers defendant's other objection.

**B.    Whether the Government Can Prove, or Has Ever Alleged, that Defendant and the Affiant on the Warrant Charging Defendant with Domestic Assault Were Ever in a Domestic Relationship as Defined by the Statute**

Defendant next contends that the government cannot prove, and has never alleged, that defendant and the affiant on the warrant charging defendant with domestic assault were ever in a domestic relationship as defined by the statute [Doc. 26]. § 922(g)(9) provides that "[i]t shall be unlawful for any person who has been convicted in any court of a misdemeanor crime of domestic violence, to . . . possess in or affecting commerce, any firearm or ammunition." § 921(a)(33)(A) defines a "misdemeanor crime of domestic violence" as an offense that:

(i)    Is a misdemeanor under state law; and

(ii)   Has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former

3

> spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

Defendant contends that, because the relationship stated in the warrant charging defendant with assault is "ex-girlfriend," a category not specifically enumerated in § 921(a)(33)(A)(ii), the government cannot prove the elements of the crime charged as a matter of law [Doc. 26].

Defendant's argument that the government has "never alleged" that defendant and the affiant on the warrant charging defendant with domestic assault were ever in a domestic relationship as defined by the statute is wrong. As reflected in the R&R, the government has argued that it "should be given the opportunity to prove at trial that the [d]efendant in fact did have one of the four types of relationships specified in § 921(a)(33)(A)(ii) with the victim of the alleged Tennessee assault offense at the time it was committed" [Doc. 25]. The government has further asserted that it will "prove at trial that the [d]efendant was 'a person similarly situated to a spouse' of the victim of the assault" [*Id.*]. The government has finally alleged that defendant "was spending the night, engaging in sexual relations, jointly recreating and socializing, and jointly performing household duties with the victim of the assault for a period of one year leading up to the date of the assault" [*Id.*]. These representations flatly refute defendant's argument that the government has "never alleged" that defendant and the affiant on the warrant were in a domestic relationship as defined by the statute. The Court therefore rejects this objection to the R&R.

Nor can the Court determine, as a matter of law, that the government cannot prove that the defendant and the affiant on the warrant charging defendant with domestic assault were ever in a domestic relationship as defined by the statute. The Sixth Circuit has not addressed the question of whether a person in the affiant's position is "similarly situated to a spouse" for the purposes of § 921(a)(33)(A)(ii). But every other circuit addressing this question has concluded that a person in the affiant's position, as alleged by the government, is so situated. *See United States v. White*, No. 08-16010, 2010 WL 59127, at *4 (11th Cir. Jan. 11, 2010) ("[A] live-in girlfriend would meet the domestic relationship requirement of § 921(a)(33)(A)"); *Buster v. United States*, 447 F.3d 1130, 1133 (8th Cir. 2006) ( "[A]buse perpetrated on a live-in girlfriend is domestic abuse committed 'by a person similarly situated to a spouse' for the purposes of [§§] 922(g)(9) and 921(a)(33)(A)(ii)."); *White v. DOJ*, 328 F.3d 1361, 1369-70 (Fed. Cir. 2003) (partner who had "expectations of monogamy, shared expenses, shared household responsibilities, social activities in common, and disussions about having children" was "similarly situated to a spouse" for the purposes of §§ 922(g)(9) and 921(a)(33)(A)(ii)); *United States v. Shelton*, 325 F.3d 553, 563 (5th Cir. 2003) ("'Live-in girlfriend' indicates living together with the implication that the two were having sexual relations. Accordingly, [the defendant]'s admission was sufficient evidence to prove the victim was similarly situated to a spouse in the context of [§ 921(a)(33)(A)(ii)]."); *United States v. Denis*, 297 F.3d 25, 31 (1st Cir. 2002) (assuming defendant's "live-in girlfriend" was similarly situated to a spouse for the purposes of §§ 922(g)(9) and 921(a)(33)(A)(ii)).

The Court notes that defendant contends that the affiant in question was defendant's "ex-girlfriend" at the time of the underlying conviction, and not a "live-in girlfriend" [Doc. 26]. But the government has alleged facts with respect to the relationship between the defendant and the affiant that, if proved at trial, a reasonable jury could construe as constituting a "live-in girlfriend" relationship for the purposes of §§ 922(g)(9) and 921(a)(33)(A)(ii)). This Court thus cannot conclude, based upon these factual representations, that the government cannot as a matter of law prove a required element of the charged crime.

In light of these representations, the applicable case law, and the lack of any contrary case law, the Court finds it inappropriate to dismiss the indictment in this case. The Court therefore rejects this objection to the R&R as well.

**II. Conclusion**

For the reasons above, the Court **OVERRULES** defendant's Objections to the Report and Recommendation [Doc. 26]. The Court **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 25] of Magistrate Judge Guyton. Accordingly, defendant's motion to dismiss the indictment [Doc. 15] is **DENIED**.

IT IS SO ORDERED.

      s/ Thomas A. Varlan
      UNITED STATES DISTRICT JUDGE